## BRADY v. UNITED STATES.

### No. 10809.

Circuit Court of Appeals, Ninth Circuit.

March 16, 1945.

Sol A. Abrams, of San Francisco, Cal., for appellant.

Frank J. Hennessy, U. S. Atty., and James T. Davis, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before GARRECHT, MATHEWS, and HEALY, Circuit Judges.

HEALY, Circuit Judge.

Appellant, together with his wife, was convicted of violating the Jones-Miller Act, 21 U.S.C.A. § 174, under an indictment charging the reception, concealment, and facilitation of the concealment and transportation of narcotics, namely, heroin. The wife did not appeal.

Four points are relied on for a reversal: (1) That the evidence was insufficient to sustain the verdict, (2) that the arrest of appellant and the seizure of the narcotics were illegal, (3) that the court erred in admitting evidence that the accused were narcotic addicts, and (4) that there was error in the reception of confessions.

1. The testimony on the part of the government, if believed, was amply sufficient to establish appellant's guilt of the charges. In addition to direct testimony and evidence of circumstances tending to show participancy in the offense, it was testified that appellant admitted the illicit

purchase and transportation of the narcotics involved in the case.

2. The accused couple were together during the evening of the arrest and had been under surveillance of narcotic agents throughout the evening. Immediately prior to the arrest the wife dropped or threw the package containing the narcotics on the floor of a public garage into which appellant had just driven his car. The agents had reasonable grounds for believing that the package contained narcotics and that it was thrown down in an attempt to dispose of the contraband and thus to avoid detection by the agents, who were recognized to be such by the accused. There was at the time probable cause for believing that both defendants were guilty of receiving, concealing and facilitating the transportation of the contraband. The arrest was not invalid nor was the seizure of the discarded narcotics illegal. Papani v. United States, 9 Cir., 84 F.2d 160; Rocchia v. United States, 9 Cir., 78 F.2d 966; Carroll v. United States, 267 U.S. 132, 161, 45 S.Ct. 280, 69 L.Ed. 543, 39 A.L.R. 790.

3. Appellant took the stand on his own behalf and on direct examination testified that he was not a narcotic addict, that he had never seen, purchased or used narcotics, and knew no narcotic peddlers. The testimony was given in an evident attempt to show lack of incentive for possessing narcotics. On this phase appellant was subjected to cross examination, to which there was no objection. In rebuttal the government introduced evidence, oral and documentary, to the effect that while awaiting trial appellant and his wife, under assumed names, had undergone treatment in a sanitarium as narcotic addicts. Had this showing been offered merely to degrade the accused it would no doubt have been improper to admit it, but appellant himself opened the matter up. Thus evidence of addiction became relevant and proper as rebuttal.

4. The defendants were arrested at approximately 6:45 o'clock in the evening and were taken immediately to their hotel room across the street. At that time, according to the prosecution, appellant told the arresting agents that he had paid $300 for the narcotics. He offered to make a "deal" with the agents by disclosing the name of the party from whom he had made the purchase. Upon being told that the only person who had authority to consider the matter of leniency was a Mr. Manning, the district supervisor of the Federal Narcotics Bureau, appellant requested that he be given the opportunity to talk with Manning. Appellant and the agents then went to the office of the local bureau and waited for Manning, who came in about 11:30 that night. During the interval the accused and the agents went out for dinner. To Manning appellant related the circumstances of the acquisition of the narcotics in question and proposed that if he and his wife were allowed to go free he would help to catch important peddlers of the drug. Manning replied, according to his testimony, that he could not well accept such a proposition but that if appellant were willing to be helpful he, Manning, would inform the United States Attorney and the latter would doubtless make the fact known to the court, with the result that a lighter sentence would be imposed. Appellant would not agree to this, saying that he would just as soon go all the way as get a small sentence and lose his car. Appellant, in his testimony, admitted that he had a conversation with Manning but denied making the statements attributed to him by the government witnesses.

After the conversation with Manning appellant was placed in the city prison to await his arraignment, which took place before the Commissioner on the following day. There is nothing in the record to suggest that the confessions were secured by means of duress, threats, promises, or persuasion, or that they were induced by improper influence. We are satisfied that it was not error to admit the evidence concerning them. The situation here affords no material analogy to those involved in McNabb v. United States, 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819, Runnels v. United States, 9 Cir., 138 F.2d 346, or Gros v. United States, 9 Cir., 136 F.2d 878, 879. Consult United States v. Mitchell, 322 U.S. 65, 64 S.Ct. 896, 88 L.Ed. 1140.

Others matters are discussed in appellant's brief, but we find no error warranting a reversal.

Affirmed.